Filed 5/1/23 P. v. Mosqueda CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096178 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F07848) |
| v. | |
| FRANK MOSQUEDA, | |
| Defendant and Appellant. | |

In 2010, defendant Frank Mosqueda was found guilty of attempted murder, burglary, and other crimes for his attack on his ex-wife. Defendant was sentenced to 34 years in prison, plus a term of life with the possibility of parole. In 2019, defendant filed a petition for resentencing under Penal Code section 1170.91 (statutory section citations that follow are found in the Penal Code unless otherwise stated) based on alleged trauma from military service. The trial court denied the petition, concluding defendant was

1

neither eligible nor suitable for resentencing under the statute. On appeal, defendant contends the trial court erred in denying his petition. We affirm the trial court's order.

## FACTS AND HISTORY OF THE PROCEEDINGS

In September 2008, defendant ransacked and defaced his ex-wife's home, damaging furniture and pouring gasoline throughout the home. When his ex-wife came home, he hit her with a rifle and tried to drag her inside. Neighbors tried to intervene, but he threatened to shoot and kill them. Defendant later told law enforcement officers he originally planned to kill his ex-wife but then decided he wanted to kill himself in front of her.

In 2010, after a court trial, defendant was found guilty of attempted murder (§§ 664, 187, subd. (a)), residential burglary (§ 459), assault with a firearm (§ 245, subd. (a)(2)), domestic violence (§ 273.5, subd. (a)), vehicle theft (§ 10851, subd. (a)), two counts of preventing or dissuading a witness (§ 136.1, subd. (c)(1)), nine firearm enhancements (§§ 12022, subd. (a)(1), 12022.53, subd. (b), 12022.5, subd. (a)(1), 12022.7, subd.(e)), and a vulnerable victim enhancement (§ 667.9, subd. (a)). The trial court sentenced defendant to a determinate term of 34 years, plus an indeterminate term of life with the possibility of parole. The court did not mention it considered defendant's military service at sentencing.

In 2019, defendant filed a petition in propria persona for resentencing under section 1170.91, alleging "he suffered the effects of (PTSD) prior and during his arrest in the instant offense." He included a declaration, stating he was a member of the United States Army from 1949 to 1952; he suffered a head injury during training; he was married to his "wife for over 40 years and the [divorce] caused me to have mental problems"; and "[o]n the day that I was arrested, it was my intent to kill myself to let my wife see the pain my [divorce] was causing me [was] much wors[e] [than] being on the front lines of war."

2

Defendant's appointed counsel filed briefs in support of the petition restating defendant's allegations. The briefs argued defendant's "history of depression and anger suggest he may have suffered from Post-Traumatic Stress Disorder as a result of his military service, and therefore qualifies to have the court consider his military service as a mitigating factor at resentencing." The briefing also stated defendant "is now 88 years old," has many health problems and has had no serious discipline since entering prison. Counsel attached a certification of military service and a hospital discharge summary dated shortly before the criminal acts stating defendant was suicidal.

The prosecutor filed a responsive brief and attached psychiatric evaluations from October 2009 which were prepared to determine whether defendant was mentally competent to stand trial. These reports reviewed defendant's social and psychiatric history. Defendant told one doctor, "[h]e does not have any service-connected medical or psychiatric disabilities." He also mentioned to another, "[h]e was not in any combat situation." The reports concluded defendant was competent to stand trial. There was no mention of PTSD in either report.

At a hearing on defendant's petition, over two days, defendant's counsel acknowledged defendant "may not have drawn the line between his military service and those factors, but the reality is we all know today that military service can cause those factors." The court addressed both defendant's eligibility and suitability for resentencing, stating, "the question of eligibility in this case was a harder one." But, "even assuming statutory eligibility, this Court would unequivocally decline to exercise its discretion to resentence [defendant] in this matter." The court found defendant had not responded to the prosecutor's challenges to defendant's claims and credibility. The court further stated defendant's "personal statements lack credibility; and overall, the totality of the evidence has not persuaded this Court, even by a preponderance, that he may suffer or may have suffered from such military trauma. Is it possible that he may? Sure. That's why we are

3

here today. But is it more likely than not that he may? No. That's why the Court finds him not eligible today."

The court continued, "even if he is statutorily eligible, the Court would deny his petition based solely on the suitability factor" because, even assuming defendant had suffered from military-caused mental-health issues, "this mitigating circumstance, when added with the other mitigators in this case, would not cause this Court to impose any sentence other than the one imposed." Addressing mitigation, the court noted defendant was 75 years old at the time of the crimes and had no criminal record, which was a "mitigating factor worthy of considerable weight." However, the crime "was done with planning by [defendant] and it involved great violence, threats of great bodily harm and of death, and other acts disclosing a high degree of lethality, cruelty, viciousness, and callousness." The court described the attack as "a violent ambush against [the victim]. He chased her down, he beat her, he dragged her, he used his rifle, and he threatened to kill her. When two neighbors heard her screams for help and tried to intervene, they too were assaulted and threatened by [defendant], including with his rifle." From this, the trial court found the "aggravating factors far outweigh the mitigating factors in this case. Adding the mitigating factor of military trauma into the mix, would not, on balance, change that fact. Nor would it tip the scales in favor of any lower sentence, or the low term on any count." Thus, the trial court denied defendant's petition.

## DISCUSSION

Defendant asserts the trial court erred in not resentencing him under section 1170.91 based on his military-caused trauma. He contends his petition, supporting documents, and information supplied at the hearing satisfied the low bar for establishing a prima facie case for resentencing.

Section 1170.91 requires courts to consider trauma caused by military service as a mitigating factor in sentencing. (§ 1170.91, subd. (a).) The statute covers an initial

4

sentencing and those persons "currently serving a sentence." (§ 1170.91, subds. (a), (b).) For a person already serving a felony sentence, "who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service may petition for a recall of sentence . . . to request resentencing if the circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing." (§ 1170.91, subd. (b)(1).) When a court receives a petition for resentencing, "the court shall determine, at a public hearing . . ., whether the person satisfies the criteria in this subdivision." (§ 1170.91, subd. (b)(3).) "If the person satisfies the criteria, the court may, in the interest of justice," reduce the defendant's term or vacate the conviction and sentence the defendant on any related lesser offense. (§ 1170.91, subd. (b)(3)(B).)

As one court has observed, there is "not a whole lot of law" on section 1170.91, "beyond the bare language of the statute." (*People v. Coleman* (2021) 65 Cal.App.5th 817, 823.) From the statute and the limited case law, we discern a three-step process for persons who are currently serving a felony sentence. First, a person files a petition for resentencing that need allege only they "may be suffering" from military service-related trauma. (§ 1170.91, subd. (b)(1).) There is no need to "allege evidentiary facts, such as the symptoms or manifestations of the qualifying condition." (*Coleman*, at p. 822.) Second, the trial court must hold a public hearing to determine whether the petitioner "satisfies the criteria," meaning the person suffers trauma "as a result of the person's military service." (§ 1170.91, subd. (b)(1), (3).) Third, "[i]f the person satisfies the criteria, the court may, in the interest of justice," resentence the petitioner. (§ 1170.91, subd. (b)(3).) The statute is clear that the decision to resentence a defendant is in the trial court's discretion, so "[i]t does not necessarily have to resentence the petitioner. And if it does[ resentence defendant], it need only consider the fact that the petitioner may be

suffering from a qualifying condition as a result of his or her military service as one mitigating factor, along with all of the other mitigating and aggravating factors in the case." (*Coleman*, at p. 823.)

Where, as here, a statute provides a decision is within the trial court's discretion, we apply the abuse of discretion standard on review. "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478–479.) To the extent resolution of defendant's claim requires statutory interpretation, our review is de novo. (*People v. Ollo* (2021) 11 Cal.5th 682, 687.)

Initially, defendant is mistaken that the trial court found he did not make a prima facie case. We understand defendant's argument as contending the trial court did not advance past the first step because he relies on cases where appellate courts have reversed summary denial of petitions without holding hearings. (See *People v. Coleman, supra*, 65 Cal.App.5th at p. 824 [reversing summary denial of petition]; *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 239 [same].) This is not the case here. The trial court held a public hearing over two days, permitting admission of additional evidence and argument.

The trial court instead found defendant did not satisfy either the second or third step because he was both not eligible and not suitable for resentencing. Since affirming on either ground will resolve this matter, we choose to analyze the third step here and whether the trial court abused its discretion in not resentencing defendant.

In deciding whether defendant was suitable for resentencing, the court gave great weight to the mitigating factors originally found at sentencing. This included defendant's advanced age and lack of prior criminal history. Overwhelming these factors, however, was the nature of defendant's crime. As the court described, defendant defaced and doused his ex-wife's house in gasoline, ambushed and attacked her with a rifle, and tried to drag her inside. When her neighbors tried to intervene, he turned the rifle on them,

6

showing every intention to kill her had they not intervened. This, the court found, involved planning, great violence, threats of bodily harm, and a high degree of cruelty.

The court also found there was very little, if any, evidence defendant had trauma from military service that would overcome the aggravating factors to justify resentencing. This was supported by the psychiatric evaluations performed shortly before and after defendant's offenses that made no mention defendant suffered from mental health issues related to his military service. Instead, the reports affirmatively indicated the opposite, stating there was no link between his service and any psychiatric trauma. And if there were any mental health issues, they were related to his recent divorce with his wife.

Defendant supports his position with pure conjecture. He asserts that because PTSD has been known to be caused by military service, and defendant had PTSD and served in the military, military service "*could have* left the psychic scars society now recognizes as PTSD." (Italics added.) He cites to numerous reports discussing the prevalence of PTSD in the military and the lack of historical awareness of the affliction. Similarly, during the hearing with the trial court, defendant's counsel said, "we all know today that military service *can cause* those factors." (Italics added.)

A possibility defendant's PTSD is related to his military service is sufficient to trigger a right to a public hearing but is insufficient for relief under section 1170.91. Defendant needed to establish he "satisfies" the criteria; that defendant himself had service-related trauma. He failed to provide any support that he did, so the trial court's finding that defendant was not eligible for relief on the second step was not an abuse of discretion. But for purposes of the third step, this non-existent, or at best tenuous, relationship between his military service and mental trauma was insufficient to render defendant suitable for resentencing in the interest of justice. We therefore conclude the court did not abuse its discretion in not resentencing defendant.

Finally, defendant asserts the trial court failed to consider other mitigating factors, such as defendant's "now advanced age" and health conditions. But these considerations

7

have no bearing on the issue at hand, whether defendant had military service-related trauma justifying resentencing. The statute imposes no duty for the trial court to consider all possible mitigating factors before determining whether resentencing is in the interest of justice.

We note that there has been a change in statutory language to the third step. At the time of defendant's hearing, section 1170.91 stated, "the court may, in its discretion, resentence the person." (Former § 1170.91, subd. (b)(3).) The phrase "in the interest of justice" was changed from "in its discretion," effective on January 1, 2023, after the trial court denied defendant's petition. (Senate Bill No. 1209 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 721).) These changes apply here because the section "shall apply retroactively." (§ 1170.91, subd. (b)(10).) But we discern no material difference for the third step with the addition of "in the interest of justice" because the legislature maintained the phrase "the court may," indicating the Legislature contemplated the decision to resentence is still left to a trial court's discretion. And though interest of justice is not defined in this statute, we need not overthink this ubiquitous phrase that typically leaves courts' discretion to discern basic fairness. (Cf. *In re Marriage of Cordero* (2002) 95 Cal.App.4th 653, 663, fn. 12 [noting the frequency of "justice" in statutes and commenting, "[s]ome lawyers and judges get squeamish over the unqualified term 'justice.' Perhaps it smacks too much of merely asking 'Is it fair?' rather than what the law is. . . . Obviously the Legislature on occasion entertains the notion that judges can divine what 'justice' is"]; see Black's Law Dict. (11th ed. 2019) p. 971 [defining "interests of justice" as "[t]he proper view of what is fair and right in a matter in which the decision-maker has been granted discretion"].) The statutory change in the law here has no effect on the outcome of this this case.

DISPOSITION

The order denying defendant's petition under section 1170.91 is affirmed.

                                                 _____

                                               HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

KRAUSE, J.